the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner" under § 3582(c)(1)(A)(i).). The Fourth Circuit's decision maintains that § 3582(c)(1)(A)(i) "set[s] an exceptionally high standard for relief" and that the "extraordinary and compelling reasons" standard is reserved for "the truly exceptional cases." *McCoy*, 981 F.3d at 287–88. The defendant has the burden to show circumstances meriting compassionate release.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408–09 (4th Cir. 2021) (internal quotation marks and citations omitted). "And, when imposing a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *Id.* at 409 (internal quotation marks and citation omitted).

Moreover, "the First Step Act does not constrain courts from recognizing Guidelines errors" or "preclude [them] from applying intervening case law"; and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *United States v. Chambers*, 956 F.3d 667, 668, 672 (4th Cir. 2020). "Further, 'the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct.'" *McDonald*, 986 F.3d at 409.

In this case, while the Court agrees that the defendant is vulnerable to COVID-19 due to his physical condition, he has received both doses of the Moderna vaccination.

As one court recently summarized:

3

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Weaver*, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020) (Hilton, J.); *United States v. Morgan*, 473 F.Supp.3d 544, 547 (D.S.C. 2020) (Norton, J.); *United States v. Edwards*, 451 F.Supp.3d 562, 565 (W.D. Va. 2020) (Moon, S.J.).

Inasmuch as the Sentencing Commission has failed to promulgate a policy statement covering the new amendments to § 3582(c)(1)(A), "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019) (citations omitted).

After *McCoy*, defendants still must "meet the heightened standard of 'extraordinary and compelling' reasons [to] obtain relief" under the statute. *McCoy*, 981 F.3d at 287; *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The statute itself sets

2

---

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

UNITED STATES OF AMERICA,

    Plaintiff,

v.                         Crim. Action No. 5:20-CR-16-08
                          Judge Bailey

ANDRE CORNELL DIGGS,

    Defendant.

### ORDER

Pending before this Court is defendant's *pro se* Motion for Modification/Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and to Appoint Counsel [Docs. 925 & 926].

On December 8, 2020, the defendant pled guilty, pursuant to a plea agreement, to Distribution of Heroin and Fentanyl within 1000 Feet of a Protected Location in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 860. On June 15, 2021, the defendant was sentenced to 41 months imprisonment.

The defendant is serving his sentence at FCI Cumberland in Cumberland, Maryland, with an anticipated release date of May 7, 2024. He has served approximately 8 months.

The defendant requests compassionate release on the basis that he is especially vulnerable to the coronavirus due to diabetes, high blood pressure, asthma, and obesity. He also asserts that (1) he is at high risk of contracting COVID-19, (2) FCI Cumberland is currently being sued by employees and staff members for COVID-19 related failures/issues, and (3) COVID-19 variants are "attacking" FCI Cumberland.



Ex-1

Here, Defendant is not at high risk of contracting severe COVID-19 because Defendant will have received both do[s]es of the Pfizer vaccine by the time he would be released. According to clinical trials published on the CDC's website, the Pfizer vaccine was 95% effective at preventing COVID-19 in people who did not have a previous infection. More importantly for purposes of this motion, clinical trials have shown that the Pfizer vaccine is 100% effective at preventing severe disease. Therefore, because Defendant will be at little-to-no risk of severe COVID-19 shortly after receiving his second Pfizer dose, there are no "extraordinary and compelling reasons" justifying a compassionate release in this case. See *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) ("The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19.").
*United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021) (Sargus, J.). See also *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021) (Brown, J.) (citing many cases); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021) (Logan, J.); *United States v. Smith*, 2021 WL 1890770, at *3–6 (E.D. Cal. May 11, 2021) (Mueller, J.) (extensive discussion, concluding that there is a "rebuttable presumption" that "if a defendant has received at least the first dose of an authorized

vaccine and, if necessary, has scheduled a second dose as specified by the manufacturer and authorized by the [FDA], then the risk of severe harm from COVID-19 is not an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i) unless the defendant offers evidence of an elevated personal risk despite vaccination."); *United States v. Jackson*, 2021 WL 1927506, at *3 (N.D. Cal. May 13, 2021) (Breyer, J.); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (Sabraw, C.J.) (denying compassionate release to defendant with several chronic medical conditions when defendant had been fully vaccinated against COVID-19); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. April 27, 2021) (Underhill, J.); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) (Moss, J.); *United States v. Gordon*, 2021 WL 2094470, at *3 (D. Haw. May 24, 2021) (Seabright, C.J.) (54-year-old defendant presents diabetes, heart disease, obesity, and possible kidney disease; relief is denied as he has been vaccinated); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021) (Russell, J.); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021) (Barbier, J.); *United States v. McGill*, 2021 WL 662182, at *5 (D. Md. Feb. 19, 2021) (Gallagher, J.); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) (Cox, J.); *United States v. Johnson*, 2021 WL 1550460, at *5 (D. Minn. Apr. 20, 2021) (Frank, J.) ("To the extent Johnson remains concerned about contracting COVID-19 after receiving the vaccine, the Court finds this fear entirely speculative and declines to grant release based on a generalized fear of reinfection.)"; *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) (Bell, J.); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (Kearney, J.)

("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Stiver*, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021) (Bissoon, J.); *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to defendant with underlying health conditions when defendant had received first vaccine dose); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) (Settle, J.); see also *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021) (Chappell, J.) (inmate received both doses; "What's more, this demolishes Lipscomb's conclusory contention BOP is not taking adequate precautions. Currently, tens—if not hundreds—of millions of Americans are scurrying to figure out how to get a vaccine. Yet Lipscomb already received both doses."); *Gale v. United States*, 2021 WL 1912380, at *3 (E.D. Va. May 12, 2021) (Jackson, J.) (relief is denied notwithstanding obesity, chronic kidney disease, and hypertension, in light of vaccination and CDC information regarding efficacy; "With this information from the CDC and knowing that Petitioner is fully vaccinated and in an environment in which many of the inmates within his facility are also vaccinated (and continuing to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration."); *United States v. Watson*, 5:94CR66, Doc. 272 at 5–6 (N.D. W.Va. filed June 10, 2021) (Bailey, J.). See also *United States v. Smith*, 2021 WL 364636 at *2 (E.D. Mich. Feb. 3, 2021) (Ludington, J.) ("absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). In addition, the BOP website reflects that

there is currently only one (1) inmate with COVID.

Even if the vaccinations did not preclude relief, this Court would then apply the factors under 18 U.S.C. § 3553(a). In this case, the defendant fails to demonstrate how release, approximately 8 months into a 41-month sentence for a serious drug crime, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). A consideration of the factors above shows that release at this point is inappropriate based on the offense of conviction, the defendant's managed medical condition, and the amount of time remaining on the defendant's sentence.

Based upon the foregoing, this Court exercises its discretion and will deny the motion.

Accordingly, defendant's *pro se* Motion for Modification/Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and to Appoint Counsel [**Docs. 925 & 926**] is DENIED.

It is so ORDERED.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* defendant.

DATED: February 17, 2022.

28 DAYS

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE