In The
United States District Court
For The Northern District Of West Virginia

Andre Cornell Diggs,

Defendant - Movant,

v.                                   Case No. 5:20-CR-16-8

United States Of America,

Plaintiff - Respondent.

## Reply
### To The Government's Response In Opposition To Motion For Defendant's Compassionate Release

Comes Now the Defendant - Movant, Andre C. Diggs (hereinafter Movant), who offers this Honorable Court his Reply to the Government's Response To Oppose Movant's Motion For Compassionate Release, stating: "Defendant Andre Cornell Diggs seeks compassionate release under 18 U.S.C. §3582(c)(1)(A)(i). This motion should be denied, given that the defendant has (1) been vaccinated against COVID-19, and therefore does not present an extraordinary and compelling reason permitting relief and (2) the danger that the defendant presents to the community, the time remaining on his sentence, and all other considerations under 18

U.S.C. §3553(a)". (See: Government's Response, Pg. 1, First Paragraph).

### Discussion Of Facts

The Movant will 'Reply' to the Governments Response in the same 'sectional format' in which the Government has presented it.

I. Background

A. Criminal Conduct:

The Government has properly stated the 'Facts' pertaining to the Movant's Charge / Plea of Guilt / and Sentence.

In the form of a 'Reply', to this section of the Government's Response, the Movant can only state that Movant, considering the 'Facts' (that Movant was offered a Plea Agreement, by the Government, for such a small amount of time; the Court accepted the Plea Agreement and sentenced Movant to 41 Months for such a serious offense, would lead one to the conclusion that the Movant was not, and is not, a great danger to the community), was, and is, not a danger to the community.

As far as Movant having served Eight (8) Months, the

did not, and does not, recall seeing a pre-requisite amount of time under 18 U.S.C. §3582(c)(1)(A), nor does Movant, under the the current given circumstances (i.e., Pandemic,... etc), recall there being a certain amount of time a defendant must serve to receive Compassion- in an Emergency, or any other, situation.

B. Request for Compassionate Release:

The Movant, in "Reply" to this section of the Government's Response, did in fact file a Motion entitled Motion For Compassionate Release/Reduction or Modification of Sentence. However, the Movant's Motion was a request for the Court to consider his Extraordinary and Compelling Reasons and then Appoint Movant Counsel to assist Movant in filing an appropriate Motion for Compassionate Release. Because, the Movant is not an Attorney and Movant lacks any superior knowledge of the Law. That means that it is a total injustice for Movant to file a Request For Compassionate Release (Even With Very Meritorious Extraordinary and Compelling Reasons) under a Law Movant does not understand, and then be forced to argue or litigate

against an experienced Assistant U.S. Attorney, the Law and Legal Merits of his Request and Extraordinary and Compelling Reasons. A pro se prisoner defendant, with no legal acquity, without an Appointed Counsel has no chance of succeeding or obtaining relief in this situation.

The Movant's vaccination status is of no consequence, as there is data which suggest the facts that, while the vaccine is not a cure for COVID-19 it is therapeutic to keeping individuals for becoming seriously ill and be hospitalized. However, there is no such data concerning serious illness, hospitalization, or death, when an Individual, with multiple Pre-existing Health Conditions that are red-flags for the COVID-19 Virus (such as the Movant), with Pre-existing Conditions and fully Vaccinated contracts COVID-19. So, whether the Movant, considering the circumstances, is Vaccinated or not Vaccinated is a non-starter for the Government in its opposition to Movant's Motion.

C. BOP's Response to the COVID-19 Pandemic:

The Movant is not legally able to argue the Merits of the BOP's Response To COVID-19, especially since that topic

is completely irrelevant for this Proceeding and Movant's Motion, wherein Motion merely request the Assistance of Counsel to file a formal Motion for Compassionate Release.

II. Discussion

A. Under the Governing Law:

Under the Governing Law the Movant is allowed, after the Exhaustion of his Administrative Remedies, to file a Motion directly to the Court Requesting Modification Or Reduction Of His Sentence for Extraordinary and Compelling Reasons (a.k.a. Compassionate Release), Title 18 U.S.C. §3582(c)(1)(A)(i)

B. COVID-19 and Compassionate Release

COVID-19 Virus, since the enactment of the above Governing Law and the start of the COVID-19 Virus National Emergency Pandemic, has been considered by many Courts and in many Cases, as an Extraordinary and Compelling Reason justifying Compassionate Release. However, after the development of the therapeutic Vaccine(s) and the majority of the population (i.e. In and Outside the Prison) being Vaccinated, the COVID-19

Virus, and Variant(s) have been consider, in some Courts, as less of an Extraordinary and Compelling Reason, at least for those will normal strong Immune Systems or an Immune System that is only possibly compromised by one (1) pre-existing qualifying Health Condition. The Movant, however, has multiple Pre-existing and Immune System Compromising qualifying Health Conditions, and there is no data or medical science or medical certainty that these therapeutic COVID-19 Virus Vaccines will prevent Movant, or protect Movant, from serious illness and death should Movant become infected.

C. The Defendant's / Movant's Circumstances

The Movant is a Prisoner (i.e., A Medically Vulnerable High Risk Prisoner) with multiple Pre-existing Health Conditions which make him Highly susceptible to Contracting COVID-19 and experiencing serious illness and possible death, regardless of the Therapeutic Vaccines, and submitted a Motion To This Court for the Appointment of Counsel to investigate, determine, and Assist Movant, as to Movant's qualification, eligibility, filing, for and of a Motion For

Compassionate Release. The Movant is confident that Appointed Counsel will have the Legal Acuity to properly investigate Movant's qualifications, determining Movant's eligibility for, and with the filing of a Motion for Compassionate Release.

WHEREFORE, for all the reasons stated in his Motion and in this Reply, the Movant respectfully requests this Court grant his initial Motion, at least to the extent, for Appointment of Counsel, so Movant will have an equitable chance at some relief, and a meaningful opportunity to be properly heard by the Court.

Respectfully submitted,

Andre Cornell Dipps
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501-1000

OUT: 2-18-22